UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.    CASE NO. 8:17-cr-55-T-17-AAS

   18 U.S.C. § 2252(a)(4)(B)

ANTHONY BILAU

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From an unknown date and continuing through on or about August 11, 2015, in the Middle District of Florida, and elsewhere, the defendant,

ANTHONY BILAU,

did knowingly possess a matter which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

In violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of the violation of 18 U.S.C. § 2252(a)(4)(b) charged in Count One, the defendant ANTHONY BILAU, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his interest in:

   a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following:

   a. HP laptop computer, serial number 2CE20504KR;

   b. Seagate FreeAgent external hard drive, serial number NA0CPF3Z;

      c. Western Digital My Passport Ultra external hard drive, serial number WXB1A1509N84;

      d. Western Digital My Passport external hard drive, serial number WX51A30T1469; and

      e. Motion Computing Tablet, serial number 00279002-LE1700.

4. If any of the property described above, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third person;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

                                                A. LEE BENTLEY, III
                                                United States Attorney

By: _____
      Jennifer L. Peresie
      Assistant United States Attorney

By: _____
      Cherie L. Krigsman
      Assistant United States Attorney
      Deputy Chief, Major Crimes Section