UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. **8:17-cr-55-T-17AAS**

ANTHONY BILAU

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and

the defendant, Anthony Bilau, and the attorney for the defendant, William

Hanlon, mutually agree as follows:

**A.  Particularized Terms**

1.  Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information.  Count One charges the defendant with possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

2.  Maximum Penalties

Count One carries a maximum sentence of 10 years' imprisonment,

a fine of $250,000, a term of supervised release of 5 years up to life, and a special

assessment of $100.  With respect to certain offenses, the Court shall order

Defendant's Initials _A B_

the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.   Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:       That the defendant knowingly possessed one or more
             matters containing visual depictions;

Second:      That such visual depictions were produced using materials
             that had been shipped and transported in interstate and
             foreign commerce by any means;

Third:       That the production of such visual depictions involved the
             use of a minor child engaging in sexually explicit conduct;

Defendant's Initials _A B_

Fourth:    That such visual depictions were of a minor child engaged in sexually explicit conduct;

Fifth:    That the defendant knew that at least one of the performers in such visual depictions was a minor child and knew that the visual depiction was of such a minor engaged in sexually explicit conduct.

4.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7.  Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.  Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials _A B_     4

complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance"

in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

    10.   <u>Use of Information - Section 1B1.8</u>

    Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in

determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this

Defendant's Initials _AB_                    8

agreement, the United States agrees to forego, and the defendant agrees to waive

the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the

defendant's own admissions and statements and the information and books,

papers, documents, and objects that the defendant has furnished in the course of

the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the

guilty pleas to those counts to which defendant hereby agrees to plead in the

instant case but, in that event, defendant will be entitled to the sentencing

limitations, if any, set forth in this plea agreement, with regard to those counts to

which the defendant has pled; or in the alternative, at the option of the United

States, the United States may move the Court to declare this entire plea

agreement null and void.

12.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and

voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United

States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to,

the following assets which were used in the commission of the crime and

contained visual depictions of minors engaged in sexually explicit conduct that

had been transported in interstate or foreign commerce:

a.  HP laptop computer, serial number 2CE20504KR;

b.  Seagate Free Agent external hard drive, serial number NA0CPF3Z;

c.  Western Digital My Passport Ultra external hard drive, serial number WXB1A1509N84;

d.  Western Digital My Passport external hard drive, serial number WX51A30T1469; and

e.  Motion Computing Tablet, serial number 00279002-LE1700.

The defendant agrees and consents to the forfeiture of these assets

pursuant to any federal criminal, civil judicial or administrative forfeiture action.

The defendant also agrees to waive all constitutional, statutory and procedural

challenges (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds,

including that the forfeiture described herein constitutes an excessive fine, was not

properly noticed in the charging instrument, addressed by the Court at the time of

the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the

Factual Basis below provides a sufficient factual and statutory basis for the

forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4),

the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make

a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

13.  Abandonment of Property - Computer Equipment

    The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

    As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of:

    a.  HP laptop computer, serial number 2CE20504KR;

    b.  Seagate Free Agent external hard drive, serial number NA0CPF3Z;

    c.    Western Digital My Passport Ultra external hard drive, serial number WXB1A1509N84;

    d.    Western Digital My Passport external hard drive, serial number WX51A30T1469; and

    e.    Motion Computing Tablet, serial number 00279002-LE1700

14.    <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## B.     Standard Terms and Conditions

### 1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements

Defendant's Initials _A_B_          17

or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

    5.   <u>Financial Disclosures</u>

       Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any

recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.    <u>Sentencing Recommendations</u>

      It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that

the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring

defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses

against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.  Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

In or about May 2015, Homeland Security Investigations (HSI) - Tampa learned that an individual using the email address piperpilot107@hotmail.com

had possessed child pornography within his email account. Investigation

revealed that piperpilot107@hotmail.com was Anthony Bilau.

On or about August 11, 2015, HSI agents encountered Bilau at the

Philadelphia, Pennsylvania Airport, where he was returning from a trip abroad.

During that interaction, Bilau consented to a search of his residence in Oldsmar,

Florida, which is within Middle District of Florida. HSI agents subsequently

conducted a search of Bilau's residence, and pursuant to that search, agents

seized items including the following:

   a. HP laptop computer, serial number 2CE20504KR;

   b. Seagate FreeAgent external hard drive, serial number
      NA0CPF3Z;

   c. Western Digital My Passport Ultra external hard drive,
      serial number WXB1A1509N84;

   d. Western Digital My Passport external hard drive, serial
      number WX51A30T1469; and

   e. Motion Computing Tablet, serial number 00279002-
      LE1700.

All of these items belonged to Bilau and contained child pornography.
                              which includes some duplicates _AB_

   In total, HSI located more than 600 videos and 7000 images of child

pornography on the above devices. One of these videos is described as follows: a

video, which is three minutes long, depicting a nude prepubescent female minor

and a nude adult male who is shown touching the minor's genital area with his

Defendant's Initials _AB_          23

hand and penetrating the minor's anus with his erect penis. The female minor is known to law-enforcement authorities and is located outside the State of Florida.

Several files depicted prepubescent minors and sadomasochistic conduct.

Forensic analysis revealed that Bilau had transported the child pornography. Specifically, between on or about February 1, 2014 and on or about December 4, 2014, as piperpilot107@hotmail.com, he sent a total of five emails, each with one image of child pornography attached, to himself.

On or about December 22, 2015, pursuant to a consensual interview, the defendant admitted to possessing child pornography on his laptop, hard drives, and tablet. He stated that he had downloaded the child pornography from the Internet. He further stated that he had found the child pornography on his phone and then had emailed it to himself to transfer it to his computer.

Based on the evidence collected and the defendant's admissions, the defendant knew that at least one performer in the visual depictions he possessed was a minor and that the depictions showed the minor engaged in sexually explicit conduct.

Further, based on the evidence collected and defendant's admissions, the depictions that the defendant possessed were transported in interstate commerce over the Internet.

12.  Entire Agreement

   This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea and

no other promises, agreements, or representations exist or have been made to the

defendant or defendant's attorney with regard to such guilty plea.

13.  Certification

   The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant and

that defendant fully understands its terms.

   DATED this _3rd_ day of _February_, 2017.

                              A. LEE BENTLEY, III
                              United States Attorney


_____              _____
Anthony Bilau                    Jennifer L. Peresie
Defendant                      Assistant United States Attorney


_____              _____
William Hanlon                    Cherie L. Krigsman
Attorney for Defendant               Assistant United States Attorney
                              Deputy Chief, Major Crimes Section